**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JACOB K. YOUNG,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACT. NO. 1:18-cv-87-TFM-B** |
| | ) | |
| **AXIS WELDING & MACHINE** | ) | |
| **WORKS, INC., GEORGE M. SMITH,** | ) | |
| **and JULIE L. EDGE** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

Defendant Axis Welding & Machine Works, Inc. ("Axis" or "Defendant"), has filed a motion for leave to amend its response to Plaintiff's Complaint in order to add a counterclaim alleging tortious conversion of property (Doc. 45, filed 4/1/19). Axis argues that the motion should be granted because the claim is ancillary to the primary action, in which Plaintiff Jacob K. Young ("Young" or "Plaintiff") asserts claims against Axis for unpaid wages, overtime, and commissions under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 *et seq*. *Id*. at 1. Axis asserts that the counterclaim relates to personal property owned by Axis that Young possessed while an employee of Axis and has refused to return.

Axis attaches to the motion an amended response adding the counterclaim pursuant to this Court's supplemenetal jurisdiction under 28 U.S.C. § 1367. Doc. 45-1. In the amended response Axis alleges that Young had offered to store about $1,400 worth of scrap bronze metal owned by Axis at his personal residence until Axis needed it, but that Young has refused to return the material since his termination by Axis despite repeated requests that he do so. *Id*. at 5-6.

Young objects to the motion to amend, arguing that the alleged conversion of property is not sufficiently connected to the events underlying his complaint to warrant exercise of this Court's supplemental jurisdiction. Doc. 47. Specifically, he argues that the proposed counterclaim stems from a different set of operative facts because any conversion of property occurred after Axis terminated his employment and demanded the material be returned. *Id*. at 1-2. He asserts that the alleged conversion has no bearing on whether Young was properly paid and would merely delay and interfere with the proceedings. *Id*. at 2 (citing *Pioch v. Ibex Eng'g Servs.*, 825 F.2d 1264 (11th Cir. 2016)).

## ANALYSIS

As an initial matter, the federal claims brought by Young in his original complaint under the FLSA clearly invoke this Court's federal-question jurisdiction under 28 U.S.C. § 1331 (conferring original jurisdiction for "all civil actions arising under the Constitution, laws or treaties of the United States"). Axis seeks to bring a counterclaim for state-law conversion of scrap metal worth, according to Axis, about $1,400. Thus, the counterclaim does not fall within this Court's jurisdiction over federal claims under § 1331, nor within the Court's diversity jurisdiction under 28 U.S.C. § 1332, since the amount in controversy falls well below $75,000. *See* 28 U.S.C. § 1332 (conferring jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000"). Accordingly, Axis invokes this Court's supplemental jurisdiction in asserting its counterclaim.[1]

---

[1] Axis does not argue that the counterclaim it seeks to assert is compulsory under Fed. R. Civ. P. 13(a) ("A pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction."). Nevertheless, the Court notes that the counterclaim does not arise out of the same transaction or occurrence that is the subject matter of Young's claim for unpaid compensation, as explained above. Where a counterclaim is not

Under 28 U.S.C. § 1367, the Court has supplemental jurisdiction over all claims "so related to claims in the action within [the Court's] original jurisdiction that they form part of the same case or controversy…." 28 U.S.C. § 1367(a). However, the Court may decline to exercise supplemental jurisdiction over a claim contemplated by subsection (a) where:

(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

*Id*. § 1367(c).

As the Eleventh Circuit has explained, § 1367(a) sets out the "permissible boundaries for the exercise of supplemental jurisdiction; that is, it delineates the *power* of the federal courts to hear supplemental claims and claims against supplemental parties." *Palmer v. Hosp. Auth. of Randolph Cty.,* 22 F.3d 1559, 1566 (11th Cir. 1994). Section 1367(c), on the other hand, delineates avenues by which the federal court may exercise its discretion *not* to hear a supplemental claim, despite its power to do so. *Id.*

Thus, the Court must determine, first, whether it has the power to hear the counterclaim as set out in § 1367(a). To determine whether Axis' state law claim is "so related" to the federal claims asserted in this case that it forms part of the same case or controversy, the Court examines "whether the claims arise from the same facts, or involve similar occurrences, witnesses or evidence." *Hudson v. Delta Air Lines, Inc.,* 90 F.3d 451, 455 (11th Cir.1996). In other words, the

---

compulsory, the counterclaimant generally must assert an independent jurisdictional basis for the clam. *E.-Bibb Twiggs Neighborhood Ass'n v. Macon Bibb Planning & Zoning Comm'n,* 888 F.2d 1576, 1578 (11th Cir. 1989)

relevant question is whether the state law counterclaim arises from "a common nucleus of operative fact." *Lucero v. Trosch*, 121 F.3d 591, 597 (11th Cir. 1997). The Court finds that it does not.

In his Complaint, Young alleges that Axis failed to properly pay his wages and commissions and failed to pay him earned overtime. On their face, these claims necessarily involve facts such as (1) Young's agreed rate of pay and number of hours worked; (2) requirements for overtime pay and the number of overtime hours worked; (3) Young's agreement with Axis regarding commissions and the amount of commission earned; and (4) the amounts compensated in each of these categories. By contrast, Axis's counterclaim centers on an alleged agreement between Axis and Young to store scrap metal at Young's residence and his refusal to return the material as requested after his termination by Axis. In other words, it involves a set of facts that is wholly separate from the issue of Young's employment compensation. As Young argues, the dispute arose only after his termination, when he allegedly refused to return the material, and has no bearing on whether Young was properly paid for his work prior to termination. It does not involve occurrences that are similar to the compensation claims brought in the Complaint, and any apparent overlap between the evidence required to adjudicate the counterclaim and the evidence required to adjudicate the FLSA claims is minimal at best. The only similarity appears to be the involvement of the same parties.

Moreover, if there is greater commonality than the Court surmises, it is not apparent from the parties' filings. In its motion, Axis argues only, without explication, that the counterclaim is "ancillary" to the main action for wages due. *See Shepherd v. Kelley*, Case No. 12-0424-WS-B, 2013 WL 105284, at *2, 2013 U.S. Dist. LEXIS 2622 (S.D. Ala. Jan. 8, 2013) ("as the parties invoking federal jurisdiction, the defendants bear the burden of demonstrating that their

counterclaims arise out of a common nucleus of operative fact with the plaintiff's FLSA claim and/or breach of contract claim") (citing *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005)). This is insufficient.

For these reasons, the Court finds that Axis' counterclaim does not meet the test for supplemental jurisdiction under § 1367(a). This conclusion finds support in the case law. *See Vallesillo v. Remaca Truck Repairs, Inc.,* Case No. 09–80714–CIV, 2009 WL 4807397, at *2, 2009 U.S. Dist. LEXIS 113015 (S.D. Fla. Dec. 4, 2009) (declining to exercise supplemental jurisdiction, in a dispute under the FLSA, over a state-law counterclaim for unpaid rent where the claims did not rely on identical actions of the parties and required separate proof of allegedly wrongful conduct); *Perez v. South Fla. Landscape Maint., Inc.*, Case No. 13-80620-CIV, 2014 WL 293774 at *1, 2014 U.S. Dist. LEXIS 9549 (S.D. Fla. Jan. 23, 2014) (determining that a counterclaim in an FLSA lawsuit concerning a dispute between the same parties over the contractual sale of a lawnmower did not arise out of a common nucleus of operative facts because the claims did not rely on identical actions of the parties and required separate proof); *Cf. Palmer v. Hospital Auth. of Randolph County,* 22 F.3d 1559, 1563-64 (11th Cir.1994) (finding that claims were sufficiently related for purposes of supplemental jurisdiction where the federal and state-law claims all arose from the same events and involved the same witnesses, same evidence, and a determination of the same or very similar facts).

Given the aforementioned determination, it is unnecessary for the Court to further analyze supplemental jurisdiction under § 1367(c). However, the Court notes that a discretionary exercise of jurisdiction would be declined for much the same reasoning as above. The counterclaim comprises a distinct set of facts that would, as Young argues, distract from the issues in the core FLSA complaint and could be brought in a discrete state court action. *See Pioch*, 825 F.3d at 1273

(noting that "[t]he only economic feud contemplated by the FLSA involves the employer's obedience to minimum wage and overtime standards [and that] [t]o clutter [FLSA] proceedings with the minutiae of other employer-employee relationships would be antithetical to the purpose of the Act") (quoting *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974)).

For the foregoing reasons, Defendant's Motion for Leave to Amend is **DENIED**.

**DONE and ORDERED** this 3rd day of May 2019.

   /s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE